CATHARINE HYNDS, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

Second Department, March 2, 1906.

**Negligence — evidence of eruptions resulting from injuries to abdomen, when admissible under allegations of complaint.**

In an action to recover for injuries received by negligence, when the complaint alleges that the plaintiff was struck in the abdomen and injured and bruised there and internally, it is not error to admit proof that eruptions appeared on the abdomen when the same are shown to have been a development of the injury alleged.

HOOKER, J., dissented, with opinion; HIRSCHBERG, P. J., concurring.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of January, 1905, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 20th day of January, 1905, denying the defendant's motion for a new trial made upon the minutes.

The material allegations of the complaint appear in the dissenting opinion of HOOKER, J., *post.*

*I. R. Oeland* [*George D. Yeomans* with him on the brief], for the appellant.

*George V. Brower*, for the respondent.

GAYNOR, J.:

The complaint lacks precision, but in its bungling way (which we have to overlook in pleadings nowadays) it alleges that the plaintiff was struck in the abdomen and bruised, blackened and injured there, and internally. The plaintiff described the severe pains she suffered in the abdomen from the time of the accident and eruptions like blisters that came out on her abdomen. These latter were objected to as not pleaded. Enough was pleaded to cover all pains, discolorations, swellings and eruptions or blisters of the abdomen. That the doctors gave such eruptions and blisters a scientific name and said they were caused by the abdominal pain did not make proof of

them erroneous on the ground they were not within the issue.    They were necessarily mentioned in describing the progress and development of the hurt to the abdomen.

The judgment should be affirmed.

WOODWARD and JENKS, JJ., concurred; HOOKER, J., read for reversal, with whom HIRSCHBERG, P. J., concurred.

HOOKER, J. (dissenting):

The plaintiff has a verdict in this action for personal injuries, and the defendant, to support its appeal, urges that error was committed by the trial court in allowing proof of inflammations and eruptions on the plaintiff's abdomen, because they were not pleaded.   The allegation in the complaint is that the plaintiff was struck violently in the abdomen by the turnstile maintained by the defendant, "bruising her and leaving her in a dazed condition from the pain; that her person was severely bruised and blackened on the outer part of the abdomen by the injury, and she was injured internally, so that by reason thereof she was for several weeks confined to her bed and rendered helpless, suffering great pain; that she received a severe nervous shock to her nervous system; that she suffered and still suffers great pain by reason of said injury, and will suffer in the future; that her general health has been impaired and a serious internal injury to her intestines has been caused thereby, and which will in all probability prove permanent."   The plaintiffs' medical experts testified that the inflammation and eruptions were diagnosed as *dermatitis herpetiformis;* that this disease was produced by the plaintiff's long-continued nerve-racking pain, and that the long-continued nerve-racking pain was the result of the injuries to her abdomen sustained by contact with the arm of the turnstile.  The *dermatitis herpetiformis* did not develop until some eight months after the accident, during most of which time she had, as a result of her primary injury, suffered intense pain almost continuously.   It is evident, therefore, that the skin trouble was not an immediate and natural consequence of the injuries.   Proof of the condition should not have been allowed, in the absence of special averment of such damage.  (*Kleiner* v. *Third Ave. R. R. Co.,* 162 N. Y. 193; *Sealey* v. *Met. St. R. Co.,* 78 App. Div. 530.)   The complaint alleged the injury to the abdomen; it alleged her helpless condition,

the pain she suffered, the nervous shock she sustained and general impairment of her health, all of these being doubtless the immediate and not unnatural consequences of the injury. The complaint is silent, however, in relation to the inflammation and eruption, which, it is evident from the testimony, are the result of the long-continued pain and not the immediate result of the blow upon the abdomen.

The judgment and order should, therefore, be reversed and a new trial granted.

Judgment and order affirmed, with costs.