### Ex Parte David O'Fiel.

No. 6947. Decided January 10, 1923.

#### 1.—Contempt—Attorney at Law—Habeas Corpus—Want of Notice.

Where relator was fined for contempt for language contained in a motion for a new trial for his client, and the record showed that he had not

been served with notice of any charge of contempt nor given any opportunity to present testimony in support of the truth of the facts set out in the motion for a new trial nor had been accorded any trial upon the merits of the matter of the alleged contempt, which was constructive in character, he will be discharged from custody.

### 2.—Same—Practice in Trial Court—Judgment Nisi.

. The fact that relator came to the courthouse in obedience to the verbal request of the court below and there in person declined to withdraw the offensive paragraph in the motion for a new trial, cannot be held such act in the presence of the court as of itself would justify the summary entry of a final judgment of contempt, but a judgment nisi should have been entered, followed by summons, notice and hearing, before the court could properly have entered the final judgment. Following Crow v. State, 24 Texas, 12, and other cases.

### 3.—Constructive Contempt—Practice in Trial Court.

There can be no constructive contempt of court with reference to publications reflecting on the court or the judge thereof, unless the publication is not only of a defamatory character but is untrue, and the contempt in the instant case, if any, being in character a constructive contempt, and in the absence of notice or summons of relator and the opportunity to present testimony supporting the truth of the matter set out in the pleading, the relator must be discharged. Following Ex Parte Green, 46 Texas Crim. Rep., 581.

### 4.—Same—Rule Stated—Practice in Trial Court.

Even though the trial court be of the opinion that within his knowledge the allegations in the pleadings are false, opportunity should be afforded for the presentation of relator's side of the controversy.

Appeal from Jefferson County.

Original application for writ of *habeas corpus* adjudging relator in contempt for an alleged paragraph in a motion for a new trial of relator's client; penalty, a fine of $100.

The opinion states the case.

*Brooks, Hart & Woodward,* for relator, and *David E. O'Fiel,* in *propria persona.*

On the question of giving relator opportunity to present his side of the matter: State v. District Court, 124 Iowa, 187; In re Moxey, 59 Pac., 672; In re Elliott, 59 Pac., 673; State v. Pendergast, 85 Pac., 324; People v. Marean, 83 New York Sup., 843; Solomon v. Holdam, 72 Ill. App., 346; Overend v. Superior Court, 63 Pac., 372.

On question of truth of motion for a new trial: Sargis v. Commonwealth, 123 S. W. Rep., 239; Tracy v. State, 28 Ohio Cir. Ct. Rep., 453; Webb v. Superior Court, 152 Pac., 957.

On question of constructive contempt: Ex parte Foster, 44 Texas Crim. Rep., 423; Ex parte Landry, 144 S. W. Rep., 962; Ex parte Duncan, 182 id., 313; Ex parte Ireland, 38 Texas, 344.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is a direct application to this court for the issuance of a writ of *habeas corpus.* Relator was the attorney

for one Anderson who was upon trial for a felony in the District
Court at Beaumont, Texas, and following conviction thereof said at-
torney filed his motion for a new trial, one paragraph of which
charged the trial court in strong language with partiality toward the
State, and acts and conduct in detail during the trial in the presence
and hearing of the jury, which, as alleged in said paragraph of said
motion, greatly prejudiced the rights of relator's client and made it
impossible for him to obtain a fair and impartial trial. Said motion
was presented to the court for his action by another member of re-
lator's law firm. When the objectionable paragraph was reached and
read, the court halted further proceeding, ascertained that relator had
written and filed said motion, sent for him and asked him if he had
so written and filed same, and upon affirmative answer said court
directed the withdrawal of said paragraph from the motion, and upon
the refusal of relator so to do, entered an order and judgment of con-
tempt against him remanding him to the custody of the sheriff until
a fine in the sum of one hundred dollars should be paid. Upon the
usual allegation of illegal restraint this court issued its writ of *habeas
corpus.*

From the agreed statement of facts on file it appears that the
judgment of contempt was excepted to by relator upon the ground
that he had been served with no notice of any charge of contempt,
nor given any opportunity to present testimony in support of the
truth of the facts set out in said paragraph of his said motion, nor
had he been accorded any trial upon the merits of the matter of the
alleged contempt. From the facts appearing in said agreed statement,
we are led to believe this exception to rest upon good ground.

That the filing of an offensive paper in a court proceeding is a
constructive contempt, seems held in Ex parte Ireland, 38 Texas, 357;
Ex parte Kilgore, 3 Texas Crim. App., 253; Ex parte Landry, 144
S. W. Rep., 962; Ex parte Duncan, 182 S. W. Rep., 313. Many au-
thorities are collated in support of this proposition in Ruling Case
Law, Vol. 13, C. J., p. 5. We do not think the fact that relator came
to the courthouse in obedience to the verbal request of the court below,
and there in person declined to withdraw the offensive paragraph,
would be held such act in the presence of the court as of itself would
justify the summary entry of a final judgment of contempt, but are
of opinion that the matter having thus been brought directly to the
attention of the trial court, at least a judgment *nisi* could have been
entered, followed by summons, notice and hearing, before the court
could properly have entered such final judgment. Crow v. State, 24
Texas, 12; Ex parte Kilgore, *supra.*

That the matter stated in said paragraph of said motion was con-
temptuous if untrue, seems to us to be plain; but in Ex parte Green,
46 Texas Crim. Rep., 581, we said: "As stated above, we gather from
the current authorities, both those cited and others, that there can

be no constructive contempt of court with reference to publications reflecting on the court or the judge thereof, unless the publication is not only of a defamatory character but is untrue." In the opinion of said case it is stated that the trial court declined to permit the introduction of testimony on the part of the relator showing the truth of the alleged contemptuous utterance, the reason for such refusal being that the matters and facts referred to in said utterance were all done and said in the presence of the court, and that the court knew that the charges contained in said utterance were untrue.

It appearing without controversy that the contempt, if any, in the instant case was constructive, and that no notice or summons was served upon relator and no opportunity given him for the presentation of testimony supporting the truth of the matters set out in said motion, it follows that in our opinion the judgment of contempt herein is void.

The matter is of grave importance. Utterances such as those appearing in said motion for new trial are of a character most seriously reflective upon the courts and should not be tolerated except upon the hypothesis that they are true and present a condition whose existence should be shown as a part of the defense of a citizen on trial for his liberty. If true, the matters alleged in said motion may be stated in respectful language; and even though the trial court be of opinion that within his knowledge such allegations are false, opportunity should be afforded for the presentation of relator's side of the controversy, to the end that he may purge himself or show cause as best he can why he should not be held in contempt. The more honorable the trial court, the more keenly he is apt to be affected by such charges, and the more care he should exercise lest his disposition of the supposed offender be touched by the feeling naturally aroused.

For the reasons above indicated the judgment of contempt is held void and relator ordered discharged.

*Relator discharged.*