## Ex parte RATLIFF. (No. 5041.)

Supreme Court of Texas. Feb. 29, 1928.

1. **Constitutional law ⬥273—Judgment for contempt without preferring charge against defendant, or giving him an opportunity to be heard, held to deny due process (Const. U. S. Amend. 5; Const. Tex. art. I, § 19).**

Where court adjudged defendant in contempt for disobeying an injunction without preferring charge against him, or giving him an opportunity to be heard, either in person or by counsel, or to introduce any evidence in defense of his liberty, judgment was a nullity because of violation of due process as guaranteed by Const. U. S. Amend. 5, and by Const. Tex. art. 1, § 19.

2. **Contempt ⬥6—Filing of sworn answer which was false held not to justify punishment as for direct contempt.**

Filing of sworn answer which the court subsequently found, on consideration of testimony of witnesses, to be false *held* not to justify punishment as for direct contempt of person so filing.

3. **Constitutional law ⬥273—Due process requires that one charged with contempt be accorded opportunity to establish defense, offer evidence and argument in extenuation of offense and in mitigation of penalty (Const. U. S. Amend. 5; Const. Tex. art. I, § 19).**

Due process, as guaranteed by Const. U. S. Amend. 5, and by Const. Tex. art. 1, § 19, requires that one charged with contempt be accorded opportunity not only to establish a complete defense, but to offer evidence and argument in extenuation of his offense and in mitigation of the penalty.

Original application by E. J. Ratliff for a writ of habeas corpus against the sheriff of Bexar county. Discharge ordered.

West & Horner and Heilbron, Kilday & Howard, all of San Antonio, for relator.

Davis & Wright, of San Antonio, amicus curiæ.

GREENWOOD, J. Mrs. Clyde Marten brought a suit against E. J. Ratliff in the Seventy-Third district court to cancel certain notes. She procured, on January 9, 1926, a temporary restraining order commanding Ratliff to desist from selling or disposing of the notes and to bring same into court pending final determination of the suit. Having denied under oath that he was the owner of the notes, but specially averring that he had, on January 7, 1928, sold, indorsed, and delivered the notes to another, defendant, Ratliff, moved the court to dissolve the temporary restraining order. On the 4th day of February, 1928, following a hearing of the motion to dissolve, the court entered a judgment reciting the restraining order, and reciting that since it appeared to the court *from the evidence adduced on the hearing of the motion to dissolve the restraining order* that the claim of defendant that he had sold, transferred, and delivered the notes prior to the institution of the suit was false, and that, if such sale or transfer occurred, it occurred subsequent to the service of the restraining order on the defendant, it was therefore ordered and adjudged that the defendant, E. J. Ratliff, was guilty of a contempt of the court, and that he pay to the sheriff of Bexar county a fine of $100 as punishment for such contempt, and that he forthwith deliver the notes to the district clerk, and that in default of the immediate payment of the fine and delivery of the notes the said Ratliff "be imprisoned not to exceed 3 days in the common jail of Bexar county, Tex., until he shall pay the said fine of $100 as herein directed, and until he shall turn over and deliver to said clerk * * * the notes aforesaid."

The defendant, Ratliff, having been taken into custody by the sheriff under a commitment issued on the foregoing judgment, applied for and was granted a writ of habeas corpus, and now seeks release on the ground that the judgment whereby he was deprived of his liberty is null and void.

It is manifest that the act adjudged contemptuous took place without the presence of the court. Such act was the real or pretended sale of the notes *after* the date of the restraining order. The court was utterly without a basis for any finding as to the true date of the notes' sale or transfer save as derived from the testimony of witnesses introduced on the hearing upon defendant's motion to dissolve the restraining order.

The distinction between direct and constructive contempt of court was declared in Ex parte Stricker (C. C.) 109 F. 149, to be:

"In the one the court sees and knows of all the acts which constitute the contempt, and needs no testimony to establish their existence as facts, while in the other testimony must be heard to inform the court, and, this being so, *due process of law demands that this testimony should be heard publicly, in open court, and by both sides to the controversy, after due notice to the accused of what is alleged against him, in order that he may have an opportunity to meet and explain it."*

[1] One may be ready on a motion to dissolve a mere temporary restraining order affecting property, and be wholly unprepared to defend his liberty. One may be content with evidence on a motion to dissolve which he would regard as incomplete and inadequate to repel a charge carrying the threat of either monetary fine or deprivation of freedom. Relator was accorded one hearing only and that was on his own motion to dissolve. Without a charge of contempt in any form having been preferred against him, without reason to suspect that he was under any accusation of contempt, and without any opportunity to be heard either in person or

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by counsel, or to introduce any evidence in defense of his liberty, the court pronounced a sentence against him, on proof of transactions outside the court, and adjudged him guilty of contempt and assessed his punishment at both fine and imprisonment. The judgment is a nullity under a long and unbroken line of decisions of both the Supreme Court and the Court of Criminal Appeals. Ex parte Ireland, 38 Tex. 351; Ex parte Testard, 101 Tex. 251, 106 S. W. 319; Ex parte Lipscomb, 111 Tex. 418, 239 S. W. 1101; Ex parte Kilgore, 3 Tex. App. 247; Ex parte Foster, 44 Tex. Cr. R. 423, 71 S. W. 594, 60 L. R. A. 631, 100 Am. St. Rep. 866; Ex parte Landry, 65 Tex. Cr. R. 440, 144 S. W. 965; Ex parte Duncan, 78 Tex. Cr. R. 447, 182 S. W. 313, 2 A. L. R. 222; Ex parte O'Fiel, 93 Tex. Cr. R. 214, 246 S. W. 664.

The Supreme Court of the United States determined, in Cooke v. United States, 267 U. S. 535, 45 S. Ct. 390, 69 L. Ed. 767, that not only must the offender have notice and a trial in every contempt proceeding where the court's judgment is based even in part on the testimony of others, but that due process requires such notice and trial although the court had information of the contumacy "by confession of the party." In Cooke v. United States, supra, the court by Chief Justice Taft, said:

"Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation. We think this includes the assistance of counsel, if requested, and the right to call witnesses to give testimony, relevant either to the issue of complete exculpation or in extenuation of the offense and in mitigation of the penalty to be imposed. See Hollingsworth v. Duane, 12 Fed. Cas. [No. 6616] 359, 360; In re Stewart, 118 La. 827 [43 So. 455]; Ex parte Clark, 208 Mo. 121 [106 S. W. 990, 15 L. R. A. (N. S.) 389]."

In one of the great opinions delivered by Mr. Justice White, the court announced:

The fundamental conception of a court of justice is condemnation only after hearing. * * * A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." Hovey v. Elliott, 167 U. S. 414, 17 S. Ct. 843, 42 L. Ed. 215.

The judgment against Ratliff was not only rendered without giving him an opportunity to adduce evidence, but Ratliff had no intimation of the intention of the judge to try him or to punish him until he heard the judgment pronounced ordering him committed to jail. In Hovey v. Elliott, supra, the court quoted with approval the statement of Lord Lyndhurst that it was against every principle of justice "that judgment should be pronounced, not only without giving the party an opportunity of adducing evidence, but without giving him notice of the intention of the judge to proceed to pronounce the judgment." Chapel v. Childs, 2 Cromp. & Jer. 574.

The Supreme Court of Montana was called upon to determine the validity of an order of the district court holding one Clancy guilty of contempt under facts not essentially different from those recited in the order complained of by Ratliff, save that Ratliff denied, while Clancy admitted, while a witness in open court, the commission of the acts adjudged to constitute contempt. Clancy had been served with a temporary injunction restraining him from entering certain premises. He filed an answer and a motion to dissolve the temporary injunction. When the court heard the motion to dissolve, it appeared, from Clancy's own evidence in support of his motion, that shortly after he had been served with the temporary restraining order, on advice of counsel, he had posted three separate location notices upon the premises. The court thereupon determined that Clancy was in contempt of court in entering on the premises in disobedience to the temporary injunction and refused to further hear Clancy's motion to dissolve, and subsequently the court again declined to hear Clancy in opposition to his adversary's application for a further injunction pendente lite. In holding void the adjudication that Clancy was in contempt, the Supreme Court of Montana said:

"When relator's motion came on for hearing, and he took the stand in his own behalf, no judgment or other proceedings for contempt had been taken against him. No affidavit containing the facts constituting the contempt had been presented. No notice had been given him; nor had he been served with an order to show cause why he should not be punished for contempt. On the contrary, it does appear that, on the hearing of said motion on the 3d day of March, relator was held guilty of contempt without notice, without an opportunity to be heard, without an opportunity to defend, and in the absence of an affidavit of the facts constituting the contempt necessary to set the power of the court in motion. It appears from the evidence of relator that any contempt which relator may have committed was 'constructive,' that is, one not committed in the immediate view and presence of the court, and therefore a contempt which did not permit a summary punishment." State v. Clancy, 24 Mont. 362, 61 P. 988.

The cases seem in harmony on the proposition that a judgment convicting one of contempt is void when entered, as in this case, on a hearing of some matter foreign to an accusation of contempt, though in the case wherein an injunction has been issued and disobeyed. State of Minnesota ex rel. Hurd v. Willis, 61 Minn. 120, 63 N. W. 169; In re Smith, Petitioner, 52 Kan. 17, 33 P. 957; Hynds v. Brooklyn Heights R. R. Co., 111

App. Div. 339, 97 N. Y. S. 705. The equity rule is laid down by the Supreme Court of Vermont in this language:

"It seems to be assumed, as the general rule of chancery law, that the parties being served with process, for the general purposes of the suit, may be proceeded against, and adjudged guilty of contempt, without notice, or excuse therefor, and punished. But this is a distinct and independent matter, as much as a new suit, and obviously requires a distinct notice, as much as a new suit. Such is the uniform practice of courts of chancery, as far as we can learn." Ex parte Langdon, 25 Vt. 683.

[2, 3] The filing by Ratliff of a sworn answer, which the court subsequently found, on consideration of the testimony of witnesses, to be false, would not justify Ratliff's punishment as for direct contempt. People v. Stone, 181 Ill. App. 477. The Texas Court of Criminal Appeals determined in Ex parte O'Fiel, 93 Tex. Cr. R. 214, 246 S. W. 665, that the admission by an attorney in open court of the filing in a pending case of a contemptuous paper did not justify the entry of a final judgment summarily convicting the attorney of contempt. The decision accords with that of the United States Supreme Court in Cooke v. United States, supra, that due process requires that one charged with contempt be accorded the opportunity not only to establish a complete defense, but to offer evidence and argument in extenuation of his offense and in mitigation of the penalty.

The judgment of the district court is void because it undertakes to deprive relator of his property and liberty without due process of law, as guaranteed to him by section 19 of article 1 of the Bill of Rights in the Constitution of Texas, and by the Fifth Amendment to the Constitution of the United States. Relator is entitled to be discharged from custody. His discharge is therefore ordered.