**Ex parte C. A. DROBY.**

**Ex parte Jim MARTIN.**

**Nos. 35952 and 35953.**

Court of Criminal Appeals of Texas.

June 26, 1963.

Robert H. Stinson, Jr., Dallas, for petitioners.

Duncan Gault, Mineral Wells, Sam Cleveland, Dist. Atty., Stephenville, for respondent.

WOODLEY, Presiding Judge.

The above causes, both being petitions for writs of habeas corpus filed originally in this Court, present the same questions and will be disposed of in one opinion.

The petitioners are members of the State Bar of Texas who reside in Dallas County, the Petitioner Droby being President of the Dallas County Criminal Bar Association.

They seek relief from confinement under order of Hon. W. J. Oxford, Judge of the 29th Judicial District, entered in Cause No. 6011 in the District Court of Palo Pinto County in which Virgil Nelson Halford was charged with rape, and a prior conviction for a like offense was alleged.

Halford was in the Palo Pinto County Jail when the petitioners informed Judge Oxford that they represented him, and filed application for habeas corpus under Art. 137 C.C.P. seeking to have him removed from said jail.

The petitioners, according to their testimony, had been informed that Halford had lost his reason, would not speak to anyone, would not eat, and was in need of relief. They visited Halford in jail and he refused to talk to them, hid himself under the bunk and generally conducted himself as an insane person.

At the habeas corpus hearing they offered evidence to that effect and called as a witness one Wilson, a fellow prisoner, who testified that Halford freely conversed with him and was not in need of medical attention; was faking and had said: "If I can fool those bastards past this writ hearing, I'll have it made."

The petitioners found, after the hearing, that Wilson's testimony could be corroborated. Thereupon they returned the unused expense money furnished them by Halford's sister and, on April 10, 1963, advised the court that they were withdrawing as attorneys for Halford.

All of this occurred before an indictment was returned against Halford.

On April 18, 1963, the grand jury returned an indictment against Halford for rape, which was filed as Cause No. 6001. If the certified copy of this indictment which appears in the transcript before us is correct, this indictment contained no allegation of a prior conviction and alleged the rape to have been committed "on or about the 18th day of March A.D. 1962."

On April 19, 1963, Judge Oxford held a conference with the petitioners and advised them that he would expect them to represent Halford or that he would appoint them to represent Halford.

On April 22, 1963, the petitioners made an affidavit before a Notary Public in Dallas County setting out their prejudice against Halford and other reasons why they could not in good conscience represent his interests and should be relieved "of this impossible burden." A copy of the affidavit was mailed to the judge and the original was filed in Cause No. 6001 on April 23, 1963.

On April 24, 1963, a second indictment was returned against Halford charging rape, which was filed as Cause No. 6011. This indictment alleged rape of the same named female on or about the 18th day of March A.D. 1963, and alleged a prior conviction for a like offense.

On April 26, 1963, Judge Oxford wrote to the petitioner Droby: "I have received and studied the affidavit which you and Mr. Martin have filed in the Halford case and do hereby request that you and Mr. Martin continue as counsel for him. I recognize that you want a bill of exceptions on being directed to continue as counsel and that you desire to make some proof on the bill. This will be granted and I suggest that it be done immediately after the jury is chosen, and the balance of the jurors on the panel are excused, and such time as is necessary will be taken for this purpose. The State demands a special venire in the case and it will be drawn in Palo Pinto Friday, May 10, at 10:00 A.M.

"With kindest regards to you and Mr. Martin, I am Very truly yours, W. J. Oxford."

Cause No. 6011 was set for trial for May 20, 1963, and on said date the petitioners appeared and filed in said cause a motion asking to be relieved as counsel for Halford because of their prejudice against him, which they alleged would make it impossible for them to represent his interests. A copy of the affidavit filed in Cause No. 6001 on April 23 was attached to this motion.

Without any affidavit or petition having been filed charging the petitioners with being in contempt of court, or a show cause order, and without notice, the court retired the venire and proceeded to conduct " * * a hearing to examine the contents of an affidavit filed by affiants, C. A. Droby and Jim Martin, attorneys for the defendant Virgil Nelson Halford."

At the conclusion of the hearing the court pronounced judgment against the petitioners " * * * based upon the record made in this case on this date * *" Judgment was entered finding that the allegations of the affidavit of the petitioners " * * * filed in this Cause on April 23, 1963, * * *" were frivolously made and that the affidavit was filed for the purpose of forcing the court to " * * * release them from said cause." Other averments in the affidavit were found to be false. Finding that the conduct of the petitioners constituted contempt, the petitioners were adjudged in contempt and the punishment of each was assessed at 72 hours in jail and a fine of $100.

Having pronounced the judgment finding the petitioners in contempt, the court then granted their motion to be released as counsel for Halford.

■ We sustain the contention that if the conduct of the petitioners may be construed as contemptuous, it was not direct contempt in the presence of the court for which they could be summarily punished, and the judgment finding them in contempt without affidavit, show cause order or petition charging the petitioners with contempt, and without notice of a hearing thereon, is void.

■ The filing of a paper in a court proceeding, if contempt, is constructive contempt. In such cases due process of law demands that the accused should be given notice of the charges directed against him. Ex parte Landry, 65 Tex.Cr.R. 440, 144 S.W. 962; Ex parte O'Fiel, 93 Tex.Cr.R. 214, 246 S.W. 664; Ex parte Ratliff, 117 Tex. 325, 3 S.W.2d 406, 57 A.L.R. 541; 12 Tex.Jur.2d 524.

We are not to be understood as holding that the conduct of the petitioners constituted contempt or that Judge Oxford had authority to appoint counsel for Halford prior to his indictment, or that a court may require an attorney to defend an accused in a capital case who under oath represents to the court his prejudice against the defendant and his belief that he could not

possibly represent the interests of the defendant because of such prejudice.

We do not reach these questions and the granting of the petitioners' motion which released them as Halford's counsel renders the latter question moot.

The petitions for habeas corpus are granted and the petitioners are ordered discharged.