## Ex Parte John T. Duncan.

### No. 3899. Decided January 12, 1916.

**1.—Constructive Contempt—Civil Case—Jurisdiction.**

Where it appeared from the record that the alleged contempt grew out of proceedings had in a civil case, and one of the judges of the Supreme Court of Texas declined to issue the writ of habeas corpus for lack of jurisdiction, and there was no doubt that this court had jurisdiction, the writ was granted.

**2.—Same—Constructive Contempt — Petition — Affidavit — Practice — Attorney.**

Where an attorney felt aggrieved at the language used by opposing counsel in his brief in a civil case filed in the District Court, which was not then in session, and also in the Court of Civil Appeals, as improperly reflecting upon him and the judge who tried such civil case, and thereupon addressed a petition to said judge calling his attention to the language used in said brief and asking for such action as will uphold the dignity of the court, etc., and the judge thereupon, after placing the case upon the criminal docket, ordered process to issue summoning relator to appear before him and show cause why he should not be adjudged to be guilty of contempt for making use of such language, and relator appeared and filed an answer pleading that the court had no jurisdiction in that the petition filed was not sworn to by the attorney filing it or any other person, but the court, nevertheless, fined relator for contempt, and relator sued out a writ of habeas corpus before this court. Held, that as no affidavit nor petition sworn to was filed in the case, the jurisdiction of the lower court to fine for contempt was not properly invoked and relator is discharged from custody. Following Ex parte Foster, 44 Texas Crim. Rep., 423.

**3.—Same—Language Used—Jurisdiction.**

The question as to whether the language used by relator in said brief was contemptuous will not be discussed, as it is only necessary to inquire whether or not the proper steps had been taken to confer jurisdiction upon the lower court.

**4.—Same—Rule Stated—Constructive Contempt—Affidavit—Practice.**

Where the alleged contempt is not in the presence and hearing of the court, the practice is to present to the court an affidavit setting forth the facts and circumstances constituting the alleged contempt, sworn to by some person who witnessed or had knowledge of the offense, and unless such affidavit be presented process will not be granted, and the error is not cured by the subsequent filing of an affidavit. Following Ex parte Landry, 65 Texas Crim. Rep., 440, and other cases.

From Fayette County.

Original habeas corpus proceedings asking release from custody of the sheriff upon judgment in the District Court finding relator guilty of contempt and assessing a penalty of $50 and one day confinement in the county jail.

The opinion states the case.

*Dickens & Dickens,* for relator.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited State v. Shepherd, 76 S. W. Rep., 79; Res-publica v. Passmore, 2 Am. Dec., 388; State v. Morrill, 16 Ark., 384; Commonwealth v. Daniels, 2 Va. Cases, 402; Conner v. Stapleton, 33 Pac. Rep., 167; Little v. State, 90 Ind., 338; Telegram Newspaper Co. v. Commonwealth, 44 L. R. A., 159; Ex parte Ireland, 38 Texas, 344; Ex parte Degener, 30 Texas Crim. App., 566; Ex parte Haubelt, 57 Texas Crim. Rep., 512; Ex parte Foster, 44 id., 423.

HARPER, Judge.—Relator was adjudged guilty of contempt of court by Hon. Frank S. Roberts, judge of the District Court of the Twenty-second Judicial District, and his punishment assessed at a fine of $50 and one day imprisonment in the county jail.

Relator made application to this court for a writ of habeas corpus, but inasmuch as the petition showed that the alleged contempt was certain statements contained in a brief in a civil cause on appeal, we first declined to issue the writ until it was presented to our Supreme Court, deeming it probable that that court had jurisdiction under article 1529 of the Revised Civil Statutes, as the alleged contempt grew out of proceedings had in a civil case. However, upon consideration, one of the Justices of the Supreme Court endorsed on the application that the Supreme Court declined to issue the writ for lack of jurisdiction, as there could be no doubt that this court had jurisdiction under the Constitution to issue the writ, after the Supreme Court had held it was without jurisdiction, we ordered the writ to issue, returnable on January 5, 1916. On that day the cause was heard, and it was made to appear that in the case of Isolda Zapp v. Y. F. Mossop, in the District Court of Fayette County, the said Hon. Frank S. Roberts, as judge of that court, on the 18th day of December, 1914, entered a certain judgment in favor of plaintiff. Notice of appeal was given, but no appeal perfected. However, in September, 1915, the defendant, Y. F. Mossop sued out a writ of error to the First Court of Civil Appeals at Galveston, and filed a brief in said cause on September 23, 1915, and also filed a copy of the brief with the clerk of the District Court, in Fayette County, as he was required by law to do. It is a portion of the language used in this brief by relator, as attorney for Mossop, that is held to improperly reflect on the trial court, and for the use of which language he was held to be in contempt of court.

It is agreed that the District Court of Fayette County was not in session when the brief was filed, and that the language was not used in the presence and hearing of the court, but if the language was improper, it constituted what in law is termed constructive contempt. Relator earnestly insists that the language used was in nowise intended to reflect on the trial judge, but was intended to be but an earnest plea for his client.

As Hon. Frank S. Roberts has held said language to be contempt-

uous, we will not discuss that question, but only inquire into whether or not the necessary and proper steps were taken to confer jurisdiction on the judge of the Twenty-second Judicial District to adjudge relator guilty. If the proper steps were not taken to confer jurisdiction on that court, relator is entitled to be discharged.

After the brief had been filed, Mr. C. D. Krause, an attorney of the Fayette County bar, having his attention called to the brief (it also using language that he contended improperly reflected on him), addressed a petition to the judge, calling his attention to the language used in the brief. Upon the filing of this petition, Judge Roberts ordered process to issue summoning relator to appear before him and show cause why he should not be adjudged to be guilty of contempt for making use of such language. On the day named relator appeared, and filed an answer, first, pleading that the court had no jurisdiction, in that the petition filed was not sworn to by Mr. Krause nor any other person. We are of the opinion this plea should have been sustained, and this court so held in Ex parte Foster, 44 Texas Crim. Rep., 423, and Ex parte Landry, 65 Texas Crim. Rep., 440, 144 S. W. Rep., 962. In this latter case Judge Davidson exhaustively reviewed the authorities and held: "If the acts or conduct occurs in the presence or hearing of the court, it may deal summarily with the contemnor, without a written statement charging the contempt, but, where the contempt does not occur in its presence and hearing, the better practice is to present the contempt by written charges, which should be sworn to, unless presented in writing by the district attorney in his official capacity."

State's counsel contends that we were wrong in so holding, in an able brief, and that those decisions should not be followed. In deference to the earnest insistence, we have again investigated this question, and we think the great weight of authority is with the holding of the court. In Rapalje on Contempt, section 93, it is said: "In the United States the almost universal practice in this matter is to present to the court an affidavit setting forth the facts and circumstances constituting the alleged contempt, sworn to by some person who witnessed or had knowledge of the offense. Unless such an affidavit be presented, process will not be granted. The issuing of process without the filing of the proper affidavit is erroneous, and the error is not cured by the subsequent filing thereof."

Of course, this rule only applies when the language used, or conduct complained of, was not in the presence and hearing of the court, for where the contemptuous acts or conduct are committed in the presence of the court, he may inflict summary and immediate punishment.

In State v. Blackwell, 10 S. C., 35, it was held, it is a fatal objection to a rule to show cause why a party should be attached for contempt for an offense not committed in the presence of the court, that it was issued without an affidavit setting forth the facts. In Ency. of Pleading & Practice, vol. 4, p. 779, the rule is stated: "The almost universal method by which contempt proceedings are begun is by an affidavit, and an examination of the authorities will generally disclose that in

all contempt proceedings, save for such as are committed in the court's immediate presence, an affidavit is essential."

In the case of Wyatt v. The People, 17 Colo., 252, the Supreme Court says:

"Constructive contempts—those not committed in the presence of the court—must, of course, in some regular and legitimate way be brought to the court's knowledge; until this is done the process of attachment will not issue. And in Gandy v. State, 13 Neb., 445, it is said that such proceedings must be commenced by a sworn information. But the practice generally recognized throughout the United States, and according to Blackstone frequently followed in England, is for some proper official or interested party to set forth by affidavit the material facts relied on. A little contrariety of opinion exists as to whether the warrant of commitment or the order of court must recite the jurisdictional facts. But the overwhelming weight of authority in this country sustains the proposition that the affidavit upon which the proceeding for a constructive contempt is based must state facts which, if established, would constitute the offense; and if the allegations of the affidavit are not sufficient in this respect, the court is without jurisdiction to proceed."

The Supreme Court of California, in Batchelder v. Moore, 42 Cal., 412, says: "When the alleged contempt is not committed in the presence of the court, an affidavit of the facts constituting the contempt must be presented, in order to set the power of the court in motion."

In Whittem v. State, 36 Ind., 196, it is held: "The proceeding against a party for a constructive contempt must be commenced by either a rule to show cause, or by an attachment, and such rule should not be made or attachment issued, unless upon affidavit specifically making the charge."

In the case of State v. Henthorn, 46 Kan., 613, it is held: "A careful examination of the authorities satisfies us that in all cases of constructive contempt, whether the process issues in the first instance, or a rule to show cause is served, a preliminary affidavit or information must be filed in the court before process can issue."

In the case of In re Wood, 82 Mich., 75, it is said: "Those contempts not committed in its immediate view and presence must be brought before the court by affidavit of the person who witnessed them, or have knowledge of them, and a rule is made, based upon the affidavit, either that an attachment issue or that accused show cause at a certain time or place why he should not be punished for the alleged contempt," citing 4 Black. Com., 286; 2 Hawk., P. C., 222; 1 Tidd. Prac. (4th Am. ed.), 88, 478, 479; In re Judson, 3 Black., 148; 6 Dave Abr., p. 528, chap. 193, art. 27; Com. v. Daniels, 2 Va. Cas., 402; State v. Matthews, 37 N. H., 450; Crow v. State, 24 Texas, 12.

In the case of State v. Kaiser, 20 Ore., 50, it is held: "A court has no authority to proceed against a party for contempt on account of acts not committed in the immediate view and presence of the court, unless the facts constituting the contempt are shown by an affidavit presented to the court." See also In re Nickell, 27 Am. St. Rep., 315;

Flannery v. The People, 225 Ill., 62; Thomas v. People, 14 Colo., 254; Hurley v. Commonwealth, 188 Mass., 443, and cases cited in those authorities.

As no affidavit, nor petition sworn to, was filed in this case, the jurisdiction of the court was not properly invoked, and, therefore, the relator is entitled to be discharged, and it is so ordered.

We do not deem it necessary to discuss the other questions presented. Relator is discharged.

*Relator discharged.*