## EX PARTE J. W. STURROCK.

### No. 4257. Decided November 8, 1916.

**1.—Habeas Corpus—Contempt—Affidavit—Practice—Wife Desertion.**

Where relator was fined for contempt upon petition not supported by affidavit for violating an order of the County Court in not paying over certain sums of money per month during the pendency of the case against him charging relator with wilful wife desertion, and an exception was filed to said petition because the same was not supported by affidavit, the same should have been sustained, and the overruling thereof was reversible error, as the issuing of process on such petition is error and the error is not cured by subsequent filing thereof. Following Ex parte Duncan, 78 Texas Crim. Rep., 447, 182 S. W. Rep., 313, and other cases.

**2.—Same—Jurisdiction—Contempt.**

Where, in a case of contempt, the jurisdiction of the County Court was illegally invoked, its order was void and the relator is entitled to be discharged.

**3.—Same—Quere—Ability to Pay—Jurisdiction—Practice on Appeal.**

If the jurisdiction had attached, this court is inclined to believe that it would not be authorized to review the findings of fact by the lower court and inquire into the ability of relator to make certain payments for wife desertion, by order of said County Court.

From Tyler County.

Original application for writ of habeas corpus, praying to be discharged from an order of the County Court, adjudging relator guilty of contempt in failing to pay the amounts to the wife for wife desertion, by order of said court.

The opinion states the case.

No brief on file for relator.

*C. C. McDonald,* Assistant Attorney General. for the State.

HARPER, JUDGE.—This is an origina. application for writ of habeas corpus praying to be discharged from an order of the County Court adjudging relator guilty of contempt in failing to pay the amounts to the wife, required by an order of the court to be paid.

The record discloses the information was filed in the County Court of Tyler County on January 8, 1916, charging that relator on or about December 15, 1915, unlawfully, wilfully and without justification did desert and refuse to provide for the support of his wife, Mrs. Forest Sturrock. On the same day she filed an application asking that the court enter an order requiring relator to support her during the pendency of the case against him charging him with desertion. The court on January 24, 1916, after a hearing, entered an order requiring relator to pay to his wife the sum of $12.50 per month during the pendency of the case against him. The information was filed and order entered by virtue of the provisions of chapter 9a of the Criminal Code, being articles 640a, 640b, 640c, 640d, 640e and 640f of the Code. The facts show that relator paid the sums ordered to be paid for six months, or to June, 1916, and thereafter had failed to make the payments for the months of June, July and August, amounting to $37.50.

On September 11, 1916, Mrs. Sturrock filed in the County Court a petition in which it is alleged: "Now comes Mrs. Forest Sturrock, complainant, and represents to the court that said J. W. Sturrock is and has been guilty of contempt in refusing to obey the order of the court, in that he has failed to contribute the sum of $12.50 per month as required by the order of the court, or any part of said sum, since June 12, 1916, and she moves the court to adjudge the said J. W. Sturrock guilty of contempt since June 12, 1916, up to this time." This motion, application or petition is not sworn to by Mrs. Sturrock, nor any other person. Relator was cited to appear and show cause why he should not be adjudged guilty of contempt, and he appeared and filed an answer on September 25, 1916, among other things, "spe-

cially excepting to the petition or complaint because same is not sworn to."

Taking the view we do of this matter, it is unnecessary to state further the provisions of the answer filed. The court overruled this exception and the hearing was had on the unsworn complaint or petition, and the court adjudged relator guilty of contempt, and remanded relator to jail until he should pay to Mrs. Sturrock the sum of $37.50 and all costs incurred in this proceeding.

On September 27, 1916, in vacation, Judge Davidson granted the writ, and this cause was heard by this court on October 11th last. At that hearing relator again urged that the petition or complaint filed in the County Court asking that he be cited to appear and show cause why he should not be adjudged guilty of contempt was not sworn to, and asked that he be discharged. We are of opinion the County Court was in error in overruling the exception, and erred in taking jurisdiction of the contempt proceedings when no sworn petition or affidavit had been filed. In Rapalje on Contempt, section 93, it is said: "In the United States the almost universal practice in this matter is to present to the court an affidavit setting forth the facts and circumstances constituting the alleged contempt, sworn to by some person who witnessed or had knowledge of the offense. Unless such an affidavit be presented, process will not be granted. The issuing of process without the filing of the proper affidavit is erroneous, and the error is not cured by the subsequent filing thereof."

The courts of this State have adopted and adhered to that rule. Ex parte Duncan, 78 Texas Crim. Rep., 447, 182 S. W. Rep., 313; Ex parte Landry, 144 S. W. Rep., 962; Ex parte Foster, 44 Texas Crim. Rep., 423.

The jurisdiction of the County Court not being legally invoked, its order was void, and relator is entitled to be discharged. We do not discuss the other questions raised, but are inclined to the opinion that if the court had jurisdiction we would not be authorized to review his finding of facts and inquire into the ability of relator to make the payments.

Relator is ordered discharged. *Relator discharged.*