## Ex Parte W. J. Hill.

No. 6332.   Decided July 19, 1932.
(52 S. W., 2d Series, 367.)

*Jno. W. Goodwin* and *Jay H. Brown,* both of Austin, for relator.

Mr. Judge CRITZ of the Commission of Appeals delivered the opinion for the court.

This is an original habeas corpus proceeding instituted in the Supreme Court by W. J. Hill, hereafter designated relator, to effect his release from the custody of the Sheriff of Hutchinson County, Texas.   The writ was granted by Chief Justice Cureton and relator's bail fixed at $200.00 pending a hearing on the application.   The case was submitted in this court on the application of relator, together with accompanying affidavits, and certified copy of the judgment adjudging relator in contempt.   Also there is a certified copy of a "capias pro fine" issued by authority of such judgment.   The application for the writ and briefs filed by relator urge several matters which he contends render the judgment adjudging him in contempt illegal and void, but we only consider it necessary to discuss one question, which is that the judgment is void on its face.

The judgment reads as follows:

"THE BORGER STATE BANK                               May 6th, 1932.
         vs.   No. 2184
C. C. HORTON, ET AL.

"This cause having been set for trial upon this day and the parties and their attorneys advised of the setting of said cause, and a jury being demanded and in attendance upon the court, said

cause was called for trial, the Defendant appeared by his counsel but the plaintiff's counsel Wilbur J. Hill and John Beverage did not appear, and after the Court and jury waited for thirty minutes upon said Wilbur J. Hill and John Beverage .at nine thirty A. M. this cause having been set for nine a. m. said attorneys appeared; whereupon the Court interrogated them as to why there were not there at the time that the case was set and why they kept the court and jury waiting for thirty minutes, to which the said Hill stated that they were to be advised by Defendant's counsel as to the setting of the case, to which the court replied that he had informed the said Hill a day or two before that the case would be taken up at that time and that he had telephoned to Borger, a distance of some thirteen miles, and found that the plaintiff's counsel had not used any kind of diligence to be in attendance upon the Court at the time the cause was set for, and the Court thereupon, after listening to the explanations made by said counsel, Hill and Beverage, that they did not have sufficient excuse or reason for not being in attendance upon said Court at the time said case was called for trial at nine o'clock A. M., and that their actions had delayed, hindered and interferred with the functioning of this court and that said actions were committed and done in the presence of the Court, and that they, the said Wilbur J. Hill, John Beverage, are in contempt of this Court.

"It is therefore ordered, adjudged and decreed that the said Wilbur J. Hill and John Beverage be, and are hereby adjudged to be guilty of contempt of court and they are hereby assessed a fine of Fifteen Dollars against each of them; and it is further ordered that capias pro fine and all other necessary and appropriate writs due issue for the enforcement of this decree."

The district court has power to punish any person guilty of contempt of such court by fine not exceeding $100.00, and by imprisonment not exceeding three days. Article 1911, R. C. S., 1925.

If the act of contempt occurs in the presence of the Court he may enter a summary final order or decree adjudging the offending person guilty of contempt, and fixing his punishment.

In case the alleged act of contempt occurs outside the presence of the Court no summary final judgment can be entered. In such cases the party accused is entitled to some character of notice which apprises him of the charge against him. He is also entitled to a fair trial in open court upon the merits of the charge involving the alleged contempt. This is necessary

to the end that the accused be accorded due process of law.

The proceeding should, in some instances, be begun by affidavit duly filed setting forth the matters and things involved in the alleged contempt. Also, in some instances, the proceeding may be commenced by judgment nisi, followed by summons, notice and hearing in open court. In any event if the alleged act of contempt occurs outside the presence of the Court no summary final judgment can be entered at all, and no final judgment can be entered until the accused has been served with some character of notice, which informs him of the charge against him; and he must then be accorded a fair trial in open court. Ex parte O'Fiel, 93 Texas Crim. Rep., 214, 246 S. W., 664; Ex parte Landry, 65 Texas Crim. Rep., 440, 144 S. W., 962.

When we come to examine the judgment in the case at bar we must conclude that it is void on its face. It affirmatively appears therefrom that the district court has attempted to enter a summary final order adjudging relator in contempt for an alleged act of contempt, which, if it occurred at all, occurred outside the presence of the Court. It is true that the judgment recites "said actions were committed and done in the presence of the Court," etc., but the judgment also affirmatively shows that the offense relator was accused of, was the act of being thirty minutes late in attending court. In other words the alleged act of contempt was for being absent from court. Obviously the offense of being absent from Court could not take place in the presence of the Court. We therefore take it that the statement in the judgment to the effect that the contempt occurred in the presence of the Court is an erroneous legal conclusion not justified by the facts found, but utterly repugnant thereto.

We do not think that the fact that when the relator did appear in court he attempted to offer the Court an explanation for his alleged tardiness meets the rules of due process required to give the Court power to punish him for contempt. Ex parte O'Fiel, supra.

The order adjudging relator in contempt is void, and he should therefore be discharged.

The foregoing opinion is adopted as the opinion of the Supreme Court and relator ordered discharged.

C. M. Cureton, Chief Justice.