### EX PARTE W. T. COX.

No. 7271. Decided May 3, 1939.
(127 S. W., 2d Series, 443.)

*Everett L. Looney,* of Austin, for relator.

*Andrew Patton,* Criminal District Attorney of Dallas County, of Dallas, for respondent.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is an original habeas corpus proceeding instituted in this Court by the relator W. T. Cox, seeking release from a commitment issued out of one of the district courts in Dallas county. On May 1, 1937, a restraining order was issued against relator and other persons not necessary here to name, commanding them "to desist and refrain from operating, maintaining, aiding, abetting, causing to exist or continuing any physical endurance contest at the premises known as the Sportatorium in the County of Dallas, State of Texas, located at the corner of Cadiz and Industrial Boulevard therein or at any other place in Dallas county, in competition for prizes, awards or admission fees in violation of the laws of the State of Texas; and from conducting, aiding abetting, and continuing in operation or causing to exist, any contest of whatsoever nature which necessitates physical exertion continuously or intermittently over a period of time longer than 24 hours wherein the same entries or contestants participate in

competition for prizes, awards or admission fees, and from conducting two or more contests in which the same entries or contestants engage, whereby they walk, run, dance, jump or move about continuously or intermittently with a period of one hundred sixty eight hours in competition for prizes, awards or admission fees, etc."

Two days thereafter, on May 3, 1937, the district attorney of Dallas County filed in the court out of which the restraining order was issued an instrument indorsed Application for Writs of Attachment, alleging, in substance, that the relator, on the day the restraining order was served upon him, made public announcement that the performance named in the restraining order would go on as in the past without any change or interruption, and that by virtue of said public announcement the relator had deliberately declared his intention to violate the order of the court and would violate same unless the court should issue a writ of attachment immediately. The application further stated that the "very purpose and purport of said restraining order would be voided and circumvented if a hearing is not had immediately and for such reason an attachment for the persons of said defendants to appear herein instanter is imperative and necessary." On the same day the writ of attachment prayed for was issued and served. A hearing was had on May 3rd and 4th, at which time the matter was temporarily passed when the relator appeared and promised the court that he would not further violate the order. Thereafter, on May 8th, 1937, the court had a further hearing resulting in a decree that relator was in contempt of court and ordering that he be committed to the Dallas county jail until he should purge himself of such contempt by depositing with the clerk of the court $5,000.00 in cash, conditioned that he would not violate the court's order directly or indirectly.

The relator made application to this Court for a writ of habeas corpus and upon the oral submission of the case he was discharged by an order announced from the bench without any written opinion, the Court being of the opinion that the order of commitment was void on its face. The decree of this Court discharging relator was announced May 19th, 1937. On that same day, while relator was in Austin, and without any further notice to him, the trial court entered the order complained of in this proceeding. That order, after reciting the history of the case, made the following decree:

"And it further appearing to the court from evidence heard

and considered on Saturday, May 8, 1937, that defendant said Cox has violated said order again, and the court now in continuation of said contempt proceedings begun on May 3, 1937, finds said defendant Cox in contempt of this court for the violation of the restraining order on May 1st., 1937, May 2nd, 1937, and May 3rd, 1937, and on said dates only, and the court finds that there were two distinct violations on said dates.

"It is therefore ordered, adjudged and decreed that the defendant W. T. Cox in the above styled and numbered cause be and he is hereby adjudged in contempt of court for violating the restraining order heretofore issued and which is still in existence, which violation occurred on May 1st, 1937, and continued through May 4th, 1937, and until 5:00 p. m. on said date, and said acts constituted two distinct violations of the court's order.

"It is further ordered, adjudged and decreed that the defendant W. T. Cox be and he is hereby fined $100.00 and three days in jail for each of said two violations on said dates only; and the clerk of this court shall issue an commitment for the person of said defendant and deliver the same to the sheriff, who shall take him into custody and keep him confined in the Dallas county jail for a period of six days, and as long thereafter as the $200.00 in fines here assessed remain unpaid.

"It is further ordered, adjudged and decreed that said defendant be not confined by reason of any acts or violations occuring on any date other than herein set forth, and particularly on May 8, 1937, which violation on said last mentioned date is not here involved, and it is not intended by this order to amend, change, alter or modify the order in this cause dated May 8, 1937, which had to do with the violation occuring on said date only."

The present application for a writ of habeas corpus was promptly filed in this Court after relator was taken into custody under that order. The relator was by order of this Court released on bail pending the hearing, and the case is now before us for final determination.

■■ The principles of law governing this decision have been lately pronounced by this Court in the case of Ex Parte Scott, 133 Texas 1, 123 S. W. (2d) 306. It is sufficient discussion of the applicable law to make the following quotation from the opinion in that case:

"Generally speaking, contempt proceedings are criminal in

their nature, and this is true regardless of whether they grow out of criminal or civil actions. The reason for such classification is that they involve the essential idea of wilful disobedience of judicial orders and decrees. Since contempt proceedings are essentially criminal in nature it follows that they should conform as nearly as practicable to proceedings in criminal cases. 9 Tex. Jur. p. 618, par. 33; 12 Am. Jur. p. 434, par. 67; 13 C. J. p. 57, par. 81.

"It is the rule in this State, as well as the rule generally, that before a court has jurisdiction to punish a person for a contempt committed out of the presence of the court, there must first be filed an information or complaint in writing, duly sworn to, informing the accused of the nature and cause of the accusation against him. Ex Parte Foster, 44 Tex. Cr. R. 423, 71 S. W. 593, 60 L. R. A. 631, 100 Am. St. Rep. 866; Ex Parte Landry, 65 Tex. Cr. R. 440, 144 S. W. 962; Ex Parte Duncan, 78 Tex. Cr. R. 447, 182 S. W. 313, 2 A. L. R. 222; Ex Parte Sturrock, 80 Tex. Cr. R. 307, 189 S. W. 487; 13 C. J. p. 64, par. 89."

■ In the instant case the only complaint or information filed attempting to charge the relator with violating the injunction was that mentioned above, which was filed by the district attorney on May 1st, 1937, charging that relator had threatened to violate the injunction and would do so unless a writ of attachment were issued. The order under attack adjudges relator in contempt for two separate violations of the injunction. Under the rule stated in the above quotation, the court had no jurisdiction to enter an order adjudging relator in contempt of court for the violation of an injunction upon a complaint charging only a threatened violation thereof. The complaint was filed on May 3rd, 1937, charging a threat to violate the injunction. The order adjudging relator in contempt decrees that his violation continued through May 4, 1937, until five o'clock p. m. The offense for which relator has been convicted is not the offense charged in the complaint, and the order under attack is, for that reason, void.

By what is written above we do not mean to imply that the information or complaint filed by the district attorney charged relator with any act which amounted to a contempt of court. It is unnecessary to consider that question.

It is ordered that the relator be discharged.

Opinion adopted by the Supreme Court May 3, 1939.