### EX PARTE DR. J. N. PYLE.

No. 7663.   Decided November 29, 1939.
(133 S. W., 2d Series, 565.)

*Currie McCutcheon* and *Bruce Graham,* of Dallas, for relator.

MR. JUDGE GERMAN of the Commission of Appeals, delivered the opinion for the Court.

This is an original habeas corpus proceeding brought in this Court by relator Dr. J. N. Pyle. He seeks to be released from an alleged illegal restraint exercised over him by reason of a writ of commitment issued out of the 101st Judicial Dis-

trict Court of Texas in Dallas County on the 15th day of November, 1939. Pending hearing upon application, the relator has heretofore been released by this Court on proper bond.

Briefly, the essential facts are these: On May 18, 1939, judgment was entered in the 101st Judicial District Court, Dallas County, in Cause No. 51562, styled Mrs. Otis R. Yantis, Guardian, v. Dr. J. N. Pyle, in favor of the plaintiff and against defendant. In that judgment, plaintiff was awarded the title and possession of three certain bonds, which are described therein. In the alternative, if the bonds could not be obtained, judgment in the sum of $3392 was awarded plaintiff against the defendant.

This judgment became final. On November 7, 1939, writ of possession issued out of said court and was placed in the hands of the Sheriff of Dallas County. Succeeding events are disclosed by order of the court adjoining the commitment, and we quote therefrom as follows:

"Whereas, on the 14th day of November, A. D. 1939, at 11:50 A. M., the Sheriff of the County of Dallas demanded of the said J. N. Pyle the bonds in question, and which was refused to the Sheriff; and

"Whereas a motion was filed herein on the 15th day of November, 1939, by plaintiff that the defendant be required to appear before this court and to show cause, if any, why he should not be held in contempt of this court; and

"Whereas, notice was issued by the clerk instanter for the said Dr. J. N. Pyle, and the said J. N. Pyle was by the Sheriff of Dallas County, Texas, delivered to this court on this date. The Judge of this court demanded of the said J. N. Pyle the bonds as described in said mandate and in said writ of possession, and the said J. N. Pyle refused to deliver the said bonds to the court, and for such failure and refusal this court finds the said J. N. Pyle in contempt hereof, and assesses his punishment as a fine of One Hundred ($100.00) Dollars, together with costs incurred herein; and further that the said J. N. Pyle be confined in the county jail of Dallas County, Texas, until he delivers the said bonds to this court.

"It is, therefore, ordered and directed that the clerk of this court issue commitment to the Sheriff of Dallas County, Texas, to hold the said J. N. Pyle in the Dallas County Jail until he purges himself of contempt of this court, or until ordered released by this court, or by the Chief Justice of the Supreme Court of Texas, or one of the Associate Justices."

From the foregoing it appears obvious that there was no contempt in the presence of the court. The gist of relator's offense was disobedience of the writ of possession. The Judge of the court had no authority to demand of relator the bonds in question. The demand known to the law was that contained in the writ of possession. It has many times been held that courts are without power to summarily punish for contempt not in the presence of the court, including contempt for disobedience of process. Ex Parte Hill, 122 Texas 80, 52 S. W. (2d) 367; Ex Parte O'Fiel, 246 S. W. 664; Cook v. U. S. 267 U. S. 517, 69 Law Ed. 767. The proper procedure to be followed in case of disobedience of process is fully set out in the case of Ex Parte Kilgore and Johnson, 3 Texas Court of Appeal, page 247. We quote from the syllabus as follows:

"In proceeding against a party for contempt of court committed by disobedience of its process, the proper practice is, first, to enter a rule nisi against him, fully setting forth the cause and manner of the alleged contempt; and thereupon to issue scire facias, or similar citation, copying or embodying therein the rule nisi, and requiring him to show cause why the rule should not be made absolute. He is entitled to controvert the allegations against him, and to have an investigation of them upon the merits.

"Whatever mode of procedure be adopted, judgment final for a contempt not committed in view or presence of the court is void if rendered without apprising the party of the matters alleged against him, or allowing him to controvert them, and to have an adjudication upon the merits."

See also Allen v. Woodward, 111 Texas 457, 239 S. W. 608, and authorities there cited.

The order adjudging relator in contempt is void and he is therefore discharged.

Opinion adopted by the Supreme Court November 29, 1939.