EX PARTE JAMES W. WHITE.

No. A2628. Decided May 17, 1950.
(229 S. W., 2d Series, 1002.)

*Claude D. Bell, Jr.,* of Dallas, for relator.

The trial court, not having jurisdiction of the subject matter or of the relator, the original complaint accusing him of contempt was wholly insufficient in law to lodge jurisdiction therein, and the show cause and notice thereof were likewise void. Relator's appearance to attack said complaint and notice did not confer jurisdiction on the court to hold relator in contempt, and in issuing its order of commitment to punish relator for contempt, the court exceeded its power and authority. Ex parte Ratliff, 144 S. W. 962; Ex parte Cox, 133 Texas 152, 127 S. W. 2d 443; Ex parte Genecov, 143 Texas 476, 186 S. W. 2d 225.

*Pat Reed,* of Dallas, for complainant.

On question of jurisdiction: Ex parte Stone, 72 S. W. 1000; Ex parte Testard, 106 S. W. 319; Houtchens v. State, 47 S. W. 2d 679.

MR. JUSTICE HART delivered the opinion of the Court.

On December 22, 1949, one of the District Courts of Dallas County appointed a receiver for the assets of White-Webb Drilling Company, a corporation, and a partnership of the same name, and certain properties of James W. White, and ordered the receiver to take possession of the assets and properties. On February 23, 1950, the receiver filed a complaint in which he alleged that the present relator, James W. White, had failed and refused to deliver specified properties to the receiver and prayed that White be required to show cause why he should not be held in contempt to court. An order was entered by the court on February 23 requiring White to appear on March 3 and show cause why he should not be held in contempt. On March 3, White appeared through counsel and filed a motion to quash the notice issued by the clerk, a plea to the jurisdiction and a motion to dismiss the receiver's complaint, and a motion for a continuance. The court overruled these pleas and motions and heard evidence on March 3, and then recesses the hearing until March 9, when further evidence was presented. At the end of the hearing, the court on March 9 entered an order which did not hold White in contempt of court but ordered him to turn over to the receiver certain described properties, including a Cadillac automobile and $8,500.00 in cash, and also ordered him to show cause on March 16 why he should not be held in contempt of court for failing to turn over to the receiver those properties.

White's attorney was present on March 3, and also at the beginning of the hearing on March 9, but left upon being advised by the court that he would not sustain the pleas attacking the court's jurisdiction. He was not present when the court entered the order of March 9, described above, but a copy of the order was mailed to and received by him before March 16.

On March 16, the court held a hearing as provided in the order of March 9. Neither White nor his counsel was present at this hearing. No complaint of any kind was filed with the court after the entry of the order of March 9. After hearing evidence the court on March 16 entered its order adjudging that White was in contempt of court in disobeying the order of March 9, by failing to deliver to the receiver the two items of property described in the order of that date. White was not found guilty of violating any other order or judgment of the court. White's punishment was fixed at imprisonment in jail for seventy-two hours and a fine of $100, and it was ordered that White should be held in jail by the sheriff until the costs

should be paid and the described properties should be delivered to the receiver.

On March 20, a commitment was issued on the contempt judgment and the relator was taken into custody by the sheriff of Dallas County, by whom he was being held when a petition for a writ of habeas corpus was presented to this court. We granted leave to file the petition and ordered the release of the relator upon bond, pending oral argument by the attorneys for the relator and the receiver.

■ The first ground of attack upon the judgment holding relator in contempt is that it was not supported by any complaint stating the respects in which the relator was charged with violating the court's order of March 9. We sustain this contention and it will therefore be unnecessary to consider the other points relied upon by the relator.

In Ex parte Scott, 133 Texas 1, 10; 123 S. W. 2d 306, 311, this Court said:

"It is the rule in this State, as well as the rule generally, that before a court has jurisdiction to punish a person for a contempt committed out of the presence of the court, there must first be filed an information or complaint in writing, duly sworn to, informing the accused of the nature and cause of the accusation against him."

In stating this rule, the court followed decisions of the Court of Criminal Appeals in Ex parte Foster, 44 Texas Cr. 423, 71 S. W. 593, 60 L. R. A. 631, 100 Am. St. Rep. 866; Ex parte Landry, 65 Texas Cr. 440, 144 S. W. 962; Ex parte Duncan, 78 Texas Cr. 447, 182 S. W. 313, 2 A. L. R. 222, and Ex parte Sturrock, 80 Texas Cr. 307, 189 S. W. 487, as well as the general statement of the law in 13 C. J. "Contempt" Sec. 89. See also 17 C. J. S. "Contempt" Sec. 71; 12 Am. Jur. "Contempt" Sec. 68; 9 Tex. Jur. "Contempt" Sec. 34; Annotations, 2 A. L. R. 225; 118 A. L. R. 155. The holding in the Scott case has been followed in Ex parte Cox, 133 Texas 152, 127 S. W. 2d 443 and Ex parte Freeman, 144 Texas 392, 191 S. W. 2d 6.

In Ex parte Hill, 122 Texas 80, 82; 52 S. W. 2d 367, 368, there is an indication that it is proper in some instances to start contempt proceedings by a rule nisi, entered by the court, rather than by the filing of a complaint:

"The proceeding should, in some instances, be begun by affidavit duly filed setting forth the matters and things involved

in the alleged contempt. Also, in some instances, the proceeding may be commenced by judgment nisi, followed by summons, notice, and hearing in open court."

There is also a statement to the same effect in Ex parte Pyle 134 Texas 148, 133 S. W. 2d 565, in which the decision in the Hill case is cited, but no reference is made to the Scott case or the Cox case. Particular emphasis was laid by the court in its opinion in the Pyle case on the case of Ex parte Kilgore and Johnson, 3 Texas App. 247, which contains statements that the proper way to initiate a contempt proceeding is by rule nisi. See 3 Texas App. 253. This procedure seems to be approved in other jurisdictions. Baumgartner v. Joughin, 107 Fla. 858, 143 So. 436; Hunter v. State, 251 Ala. 11, 37 So. 2d 276; In re Fletcher, 71 App. D. C. 108, 107 Fed. 2d 666.

However, in Ex parte Landry, 65 Texas Cr. 440, 144 S. W. 962, and Ex parte Duncan, 78 Texas Cr. 447, 182 S. W. 313, 2 A. L. R. 222, the Court of Criminal Appeals held that an order to show cause entered by the court was not a sufficient basis for jurisdiction to punish for a constructive contempt, where no sworn complaint had been filed. In Ex parte Scott, 133 Texas 1, 123 S. W. 2d 306, this court deliberately announced its view that proceedings in contempt cases should conform as nearly as practicable to proceedings in criminal cases, and cited Ex parte Landry and Ex parte Duncan, supra, to sustain its holding that a sworn, written complaint must be filed before a court has jurisdiction to punish for a contempt committed out of the presence of the court. We think that this deliberate and carefully considered holding should be controlling over any inconsistent statements contained in Ex parte Hill or Ex parte Pyle, supra. Moreover, on principle we think that the requirement of a written complaint setting out the offense with which the defendant is charged is a sound precaution for the protection of the accused and that it does not unduly hamper the effective administration of justice, in cases of constructive contempt.

The procedure followed in this state in contempt cases is based on judicial decisions, statutes and rules. See 2 Stayton, Annotated Texas Forms (1948) ss. 1621-1631. In a case of constructive contempt, the first step to be taken is the filing of an affidavit or complaint. In most cases the complaint must be verified; but exceptions have been made in cases where the complaint is made by the public prosecuting officer, Ex parte Kahn, 90 Texas Cr. 41, 232 S. W. 797, and in child support cases, under Rule 308-a, T. R. C. P., as amended effective March 1, 1950.

Upon the filing of a proper complaint, the court may enter a judgment or rule nisi, or an order to show cause; or under Rule 692, T. R. C. P., in cases of a claimed disobedience of an injunction, the court may order the issuance of a writ of attachment instead of entering an order to show cause. The defendant in the contempt proceeding must be given notice of the charges against him and an opportunity to be heard, and the court must hear evidence which will sustain its judgment before the defendant can be held in contempt.

In the present case it is not controverted that the alleged contempt is constructive and not direct. Therefore, the filing of a verified complaint was essential to the court's jurisdiction to punish for contempt. The complaint of February 23 is not sufficient to meet the legal requirements, because it was filed before the order was entered which the relator is accused of violating, aside from other defects which are claimed by the relator. Ex parte Cox, 133 Texas 152, 127 S. W. 2d 443.

The judgment of contempt is therefore void and it is ordered that the relator be released from custody. This judgment, however, is without prejudice to the power of the district court to enforce its orders in the receivership case by proper proceedings.

Opinion delivered May 17, 1950.

MR. JUSTICE GARWOOD, dissenting.

One cannot, certainly, attack the majority view as unsupported by authority or patently unsound on principle, but I think the better view, supported by respectable authority, is that contempt proceedings such as here involved may validly rest upon a proper order to show cause quite as well as upon an affidavit. In other words, both types of proceeding are proper, and courts should accordingly not be restricted to either one. The respectable authority mentioned is reflected in the majority opinion and includes various statements of our own Supreme Court as well as unequivocal holdings by the Supreme Courts of Alabama and Florida and the Court of Appeals of the District of Columbia. Ex parte Landry and Ex parte Duncan decided by our Court of Criminal Appeals and relied upon by the majority, are indeed opposed to the view here expressed, but the same cannot be said of any decisions of our Supreme Court, including Ex parte Scott, which did not involve a proceeding commenced by an order to show cause. There is no specific requirement of an accusatory affidavit in the Federal or State Constitutions or in the statutes, while, as the majority opinion

properly concedes, our own Rules of Civil Procedure are inconsistent with its existence in more than one instance.

The basic question is really one of due process of law as to the form in which a person must be accused before he can be committed for contempt perpetrated outside the presence of the court. The two important considerations involved are, first, an appropriate degree of formality and, secondly, sufficient notice of the charge to the party accused of contempt. What I cannot understand is how we can say that these two requirements may be satisfied by the accusatory affidavit of an adverse party or a volunteer and at the same time say they cannot be satisfied by the solemn order of a district judge, making the identical accusation that would be made in a sufficient affidavit and duly served upon the accused. The effect of a proper show cause order is not, of course, to condemn the accused in advance, but simply to make the accusation as if prima facie established, to notify the accused thereof and to require him to appear and present his defense.

The instant case is one especially appropriate for the show cause type of proceeding, or "rule nisi" as it is often called, since it is an incident to a receivership and arises out of the receiver's efforts to assemble the assets of the estate. A receivership being a continuing matter, and the court itself being in a sense the trustee of the estate, who could occupy a more reliable or respectable position for making the accusation than the court itself? And what could be a more formal or solemn type of accusation than the court's own order? The order of March 9th, 1950, which relator was held to have violated, was in effect a show cause order accusing relator of contempt as a result of evidence presented to and considered by the court. It was quite lengthy and specific as to the charges, with which, for that matter, relator was already familiar, by reason of the earlier proceedings narrated in the majority opinion. Relator's attorney chose to walk out of the March 9th hearing before the order was entered, but he well knew at the time what the accusation was, deliberately chose to ignore what happened after his departure and was eventually served with a copy of the order before March 16th, the day on which the March 9th order commanded relator to appear and show cause. Relator and his attorney, with evident deliberateness, did not appear on March 16th, and the order of that date holding relator in contempt was accordingly entered. Under these circumstances, even in the absence of a sufficient affidavit of accusation, I think the relator was validly accused, amply notified of the charge against him and therefore

properly committed, so far as we may determine in this habeas corpus proceeding. He should be remanded to the sheriff.

Opinion delivered May 17, 1950.

No motion for rehearing filed.