Ex Parte Hubbard L. Hardin.

No. A-8153. Decided February 22, 1961.
(344 S.W. 2d Series 152)

*Ernest L. Sample, Lynn Walker,* of Beaumont for relator.

*Guy H. Carriker,* of Nederland, for respondent.

Mr. Justice Steakley delivered the opinion of the Court.

This is an original habeas corpus proceeding in which Relator, Hubbard L. Hardin, seeks release from the custody of the Sheriff of Jefferson County, Texas.

The record before us consists of duly certified copies of "all the court orders entered in the Divorce Minutes of the Criminal District Court of Jefferson County, Texas, pertaining to Cause No. 48,768-C, styled Ann C. Hardin v. Hubbard L. Hardin," to-

gether with photostatic copies of the "Civil Docket, District Court case No. 48,768-C," attached thereto and bearing the certification of the District Clerk.

The orders are as follows: order entering judgment *nunc pro tunc*, dated September 26, 1960; *nunc pro tunc* judgment of divorce, child custody, and child support payments entered September 30, 1960, reciting that the cause "came on to be heard on March 13, 1959;" and order "Entered this 5 day of December, 1960," holding Relator in contempt of court and assessing a fine of $100.00 and three days in the county jail, ordering Relator to pay $1,199.50, "back child support by December 5, 1960," reducing the child support payments to $28.00 weekly (the *nunc pro tunc* judgment setting these payments at $56.00 weekly), and further ordering that "If said $1199.50 payment is not made by December 5, 1960, then Defendant shall be held in contempt of Court and confined in the County Jail until he purges himself by payment of said sum."

The statement of facts discloses that at the beginning of the hearing on December 1, 1960, pursuant to which the order of December 5, 1960, was entered, the court stated that the hearing was not on "a contempt matter" and that "On 9-17-60, he (referring to Relator) was held in contempt." Apparently, then, Relator is in custody pursuant to docket entries as follows:

"Divorce granted plaintiff" "3-13-59;" "9-17-59" "defendant is found guilty of contempt of court for failure to pay $1067.00 back child support and ordered to jail until he purges himself * * *;" "3-7-60. Deft. still in contempt but is ordered released—to pay each week as ordered;" "7-28-60. Deft. still in contempt under order of 9-17-59 and capias ordered issued for his arrest;" "9-30-60. Deft. released from custody and ordered to pay $35.00 each 2 wks. 1st payment due Oct. 15-60 * * * ;" "10-27-60. Hearing Reset for December 1, 1960. Defendant ordered to continue to pay $35.00 every two weeks * * * ;" "12-1-60. Amount of support fixed at $28.00 per wk. and deft. held in contempt for failure to pay $900.00 back child support and ordered to jail until paid."

Each of the foregoing docket entries is over the signature of Honorable Owen M. Lord, Judge Presiding.

■ The record does not disclose that there was any summons, notice or hearing in open court in connection with the docket entry of September 17, 1959, first finding Relator guilty of contempt, or the docket entries of March 7, 1960, and July 28, 1960,

reciting that the Relator was "still in contempt." Relator was thus not accorded due process of law. *Ex parte Hill,* 122 Texas 80, 52 S.W. 2d 367. Courts are without power to summarily punish for contempt not in the presence of the court. *Ex parte Pyle,* 134 Texas 148, 133 S.W. 2d 565. There must be notice and an opportunity to be heard, together with evidence heard by the court to sustain its judgment of contempt. *Ex parte White,* 149 Texas 155, 229 S.W. 2d 1002.

■ Moreover, the record before us does not disclose any written order of commitment pursuant either to the docket entries or to the judgment of contempt entered December 5, 1960. It is well settled that a written order of commitment, which is the warrant, order or process by which a court directs a ministerial officer to take a person to jail and to detain him there, is an essential prerequisite to the imprisonment of a person for contempt. *Ex parte Martinez,* 160 Texas 328, 331 S.W. 2d 209; *Ex parte Puckitt,* 159 Texas 438, 322 S.W. 2d 597; *Ex parte Arapis,* 157 Texas 627, 306 S.W. 2d 884; *Ex parte Smart,* 152 Texas 229, 256 S.W. 2d 398; *Ex parte Palmateer,* 150 Texas 510, 243 S.W. 2d 160; *Ex parte Eager,* 128 Texas Cr. Rep. 97, 79 S.W. 2d 136; *Ex parte Ray,* 101 Texas Cr. Rep. 432, 276 S.W. 709; *Ex parte Alderete,* 83 Texas Cr. Rep. 358, 203 S.W. 763.

Relator is ordered discharged.

Opinion delivered February 22, 1961.