**Ex parte Thomas Duncan STANFORD, Jr.**

**No. 16967.**

Court of Civil Appeals of Texas, 1st District, Houston.

Oct. 6, 1977.

Rehearing Denied Oct. 21, 1977.

Gordon D. Gary of Houston, for appellant.

Ray Epps of Houston, for appellee.

COLEMAN, Chief Justice.

The petitioner has been committed to the Harris County Jail under a commitment order finding him guilty of contempt of court by reason of his failure to make child support payments and house payments required by a temporary order entered in a divorce suit. The commitment order is void and petitioner is ordered released.

On the 25th day of November, 1974 the Judge of the Juvenile Court # 1 of Harris County, Texas in Cause No. 992978, styled *In The Matter Of The Marriage Of Leona Victoria Stanford and Thomas Duncan Stanford, Jr.* and *In The Interest of Minor Children,* entered an order requiring Thomas Duncan Stanford, Jr. to pay to Leona Stanford the sum of 350.00 per month and requiring him to make house payments in the amount of $165.00 per month until further order of the court.

Petitioner contends that this order is void for the reason that at the time of the entry of said order a final decree granting him a divorce had been entered in The Commonwealth of Puerto Rico, the place of his residence. This contention will not be sustained.

The order of the Juvenile Court under consideration recites that on the 6th day of November, 1974, a hearing was held in the cause at which Leona Stanford appeared in person and by attorney and Thomas Stanford appeared in person. After this hearing the parties presented an agreement respecting temporary orders to be entered in the cause and the court after hearing evidence and the pleadings approved the agreement. · Leona Stanford asserts that the foreign divorce decree is invalid and is not entitled to full faith and credit. The trial court has jurisdiction of this matter. The validity of the agreed temporary order will not be examined in this collateral proceeding.

On December 29, 1975 Leona Stanford filed a motion with the trial court asserting that Thomas Stanford had willfully disobeyed the temporary order by failing to make any "payments" to her as required by the order and by failing to make the house payments. The motion requested the court to issue notice to Thomas Stanford to appear and show cause why he should not be held in contempt for disobedience of the court's order.

In response to this motion the court entered an order directing the clerk to issue notice to Thomas Duncan Stanford, Jr. to appear before the court on the 26th day of January, 1976 at 10:30 o'clock a. m. to show cause why he should not be held in contempt of court for willful disobedience of the court's order by failing to make support payments as ordered. The citation was issued directed to the sheriff or constable of any county in the State of Texas directing him to serve Thomas Duncan Stanford, Jr. with a certified copy of the motion of contempt together with the judge's order thereon to appear before the Juvenile Court # 1, Harris County, Texas, on the 26th day of January, 1976 at 10:30 a. m., "then and there to show cause in accordance with the certified copy of the order of the court hereto attached."

On the 9th day of February, 1976 the court entered an order reciting that Leona Victoria Stanford appeared in person and by attorney and that, Thomas Duncan Stanford, Jr., "although cited as required by law, did not appear." In this order the court found that Thomas Duncan Stanford, Jr. had not made payments as ordered and that the sum of $7,525.00 for both child support and house payments was unpaid and owing. The court then ordered that he be held in contempt of court and fixed his punishment at 10 days in the Harris County Jail, "and there to remain until said sum is paid."

The notice which was served on the petitioner required him to show cause why he should not be held in contempt for failure to "make support payments as ordered." It is well settled that proceedings in contempt cases should conform as nearly as practical to proceedings in criminal cases. The defendant in a contempt proceeding must be given notice of the charges against him and an opportunity to be heard. *Ex parte White*, 149 Tex. 155, 229 S.W.2d 1002 (1950). Due process of law demands that before a court can punish for contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and the show cause order must state when, how and by what means the defendant has been guilty of the alleged contempt. *Ex parte Edgerly*, 441 S.W.2d 514 (Tex.1969). *Deramus v. Thornton*, 160 Tex. 494, 333 S.W.2d 824 (1960).

In a constructive contempt proceeding due process requires that the respondent in contempt proceedings be given adequate notice as to which acts or omissions are the basis of the contempt complaint. *Ex parte Gnesoulis*, 525 S.W.2d 205 (Tex.Civ.App.— Houston [14th Dist.] 1975, no writ).

The temporary order which petitioner is charged with violating requires him to pay to Leona Stanford the sum of $350.00 per month, but it does not state whether the payment is for child support, temporary alimony, or for some other purpose. The court ordered petitioner to show cause why he should not be held in contempt for failing to make the support payments as ordered. At a hearing held in petitioner's

absence, he was found in contempt for failing to make "payment as ordered". The court found that the sum of $7,225.00 for both child support and house payments is unpaid and owing and ordered that petitioner be confined until the said sum should be paid. The record reflects, therefore, petitioner was not given proper notice and that the order entered by the court is not supported by the citation which the court found had been served on the petitioner.

The sufficiency of the service on the petitioner is also attacked in this proceeding. By affidavit petitioner's father asserted that an officer brought the citation to his house. When the officer was told that petitioner was not at the house, the officer merely threw the citation on the porch. In his affidavit the petitioner stated that he had never been served with the citation and that he was not present at his father's house on the date of service reflected in the officer's return. Leona Stanford filed an affidavit with the court, but she did not state facts contradicting these statements of petitioner and his father.

 Due process requires that petitioner be personally served with the show cause order or that it be established that he had knowledge of the content of such order. *Ex parte Herring*, 438 S.W.2d 801 (Tex. 1969). The Supreme Court of Texas has stated that it would be unconscionable to establish a precedent in contempt cases that a trial court could order the seizure and incarceration of a citizen with no notice and then deprive him of a right to relief in a habeas corpus proceeding by reciting in its judgment that the person had been "served". *Ex parte Cardwell*, 416 S.W.2d 382 (Tex.1967). Article 1, Section 10 of the Constitution of the State of Texas provides that in all criminal prosecutions the accused shall have the right of being heard by himself or counsel, or both, and shall be confronted by the witnesses against him. The laws of the State of Texas do not countenance trials in absentia in an ordinary criminal prosecution.

The right to confront the witness for the prosecution is also guaranteed to an individ-ual accused of criminal conduct by the Constitution of the United States of America. *Duncan v. State of Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). However, in *Myers v. United States*, 264 U.S. 95, 44 S.Ct. 272, 68 L.Ed. 577 (1924), the Supreme Court held that a contempt prosecution for violation of the terms of an injunction could be held in the absence of the defendant. The Court said:

". . . While contempt may be an offense against the law and subject to appropriate punishment, certain it is that since the foundation of our government proceedings to punish such offenses have been regarded as sui generis and not 'criminal prosecutions' within the Sixth Amendment or common understanding."

This decision was followed in *Blackmer v. United States*, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932). The rationale of this decision has been cast in doubt by a subsequent decision of the Supreme Court applying Sixth Amendment rights in contempt proceedings. *Duncan v. State of Louisiana*, supra. *Muniz v. Hoffman*, 422 U.S. 254, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975).

 While the question does not appear to have been urged in the Supreme Court of Texas, the failure of the court to raise the question on its own motion indicates that proper notice and opportunity to be heard will satisfy the requirement of due process even though the person charged does not appear at the trial. *Ex parte Herring*, 438 S.W.2d 801 (Tex.1969). In face of these decisions we cannot hold that the order committing petitioner was void merely because he was not present at the trial. A clear showing is required that the defendant in a contempt proceeding has been given proper notice and an opportunity to be heard. The record before us supports a finding that petitioner was not given proper notice and an opportunity to be heard before he was held in contempt.

 Petitioner was charged with two acts of contempt. The trial court should have made findings as to each charge and should have fixed separately the punishment assessed for each act. Where

one penalty is affixed for more than one act of contempt, and it is found that the relator could not be held in contempt for one of the acts, the whole judgment is tainted and is void, and a person held under it is illegally restrained of his liberty. *Ex parte Werner*, 496 S.W.2d 121 (Tex.Civ.App.—San Antonio 1973); *Ex parte Turner*, 478 S.W.2d 256 (Tex.Civ.App.—Houston [1st Dist.] 1972).

Petitioner is ordered discharged.