EX PARTE JAMES R. NIX.

No. A-2673. Decided June 14, 1950.
Rehearing overruled July 12, 1950.
(231 S. W., 2d Series, 411.)

*Mat Davis, of Gilmer,* for relator.

*Power, McDonald and Mell, Milton Greer Mell* and *F. L. Garrison,* all of Gilmer, for complainant, Bobbie Jean Nix.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

By this original proceeding the relator seeks relief from an order of the District Court of Upshur County adjudging him in contempt of court. In pursuance of that order a commitment was issued and the relator was lodged in the county jail. The contempt of which relator was guilty was his failure to comply with a judgment theretofore rendered against him in an action for divorce brought by his wife, Bobbie Jean Nix, requiring him to contribute $25.00 per month, beginning on September 1, 1949, to the support of his infant daughter, Jewel L. Nix, then aged 2½ years.

■ We granted relator's motion for leave to file this proceeding and ordered him released temporarily from the custody of the sheriff, pending the hearing of the cause on the merits, primarily upon the ground that the complaint forming the basis of the contempt hearing was sworn to by relator's divorced wife before F. L. Garrison, her attorney of record. It had been held by this court that a motion seeking to have one adjudged guilty of constructive contempt could not be subscribed and sworn to before the attorney of the movant as notary public, and that an order of contempt based thereon was void. Ex parte Scott, 133 Texas 1, 123 S. W. 2d 306, 126 S. W. 2d 626; Ex parte Freeman, 144 Texas 392, 191 S. W. 2d 6. Upon further consideration it is made to appear that the proposition of law declared in those authorities has no application in this proceeding. Under Texas Rule of Civil Procedure 308-a, which became effective March 1, 1950, when the court in a divorce proceeding has ordered periodical payments for the support of a child or children, a claim that such order has been disobeyed may be filed with the clerk in the form of a written statement describing the claimed disobedience, which statement need not be verified. Ex parte White, No. A-2628, 149 Texas 155, 229 S. W. 2d 1002. It appears that the statement filed in this proceeding was dated March 2, 1950, one day after this rule became effective. Since no affidavit was required it is immaterial that the statement in this case was sworn to before affiant's attorney.

■ Another contention is that the judgment of contempt is void because the punishment to be inflicted is uncertain. The contention is without merit. The order was that the relator be confined in jail after the expiration of seventy-two hours until he shall pay $175.00, that being the sum of payments of $25.00 per month on the 1st day of each of the months of September, 1949, to March, 1950, or until he shall be discharged by the further

orders of the court. There is nothing uncertain about that decree; the relator may obtain his discharge by the payment of $175.00.

■ Another contention is "That the Judge to whom said complaint for contempt was originally presented ordered a 'Writ of Scire Facias to issue'; but, the notice served upon this petitioner did not conform to the requirements of a citation as required by Rule 154 of the Rules of Civil Procedure of the State of Texas." It is not shown wherein the notice is deficient, and this contention therefore presents nothing for review.

■ Various contentions call for review of the evidence to determine whether or not the trial judge abused his discretion in adjudging relator in contempt of court. These contentions cannot be reviewed here. The evidence shows without question that relator filed an answer in the divorce suit and that he disobeyed the judgment entered therein, ordering him to pay $25.00 per month for the support of his child. Habeas corpus proceedings in this court are collateral proceedings and not appeals or bills of review. The only question which we can decide in this case is whether or not the trial court had jurisdiction to enter the order. Without question the trial court had jurisdiction both of the subject matter and of the parties. Its judgment was not void and cannot therefore be collaterally attacked. Ex parte Duncan, 127 Texas 507, 95 S. W. 2d 675; Ex parte Kimberlin, 126 Texas 60, 86 S. W. 2d 717; Ex parte Fisher, 146 Texas 328, 206 S. W. 2d 1000.

It is ordered that the relator be remanded to the Sheriff of Upshur County.

Opinion delivered June 14, 1950.

Rehearing overruled July 12, 1950.

[NOTE BY EDITOR: Certiorari to Supreme Court of the U. S. denied, 340 U. S. 840 (1), 71 Sup. Ct. 28, 95 L. Ed. 32.]