

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 2, 1966

Honorable Don M. Nugent          Opinion No. C-733
District Attorney
109th Judicial District          Re:  Additional explanation of
Kermit, Texas                         the holding in response to
                                      Question #1, Attorney Gen-
                                      eral's Opinion C-634 (1966),
                                      relating to the enforcement
                                      of an order by a respondent
                                      court through contempt pro-
                                      ceedings entered against a
                                      defendant under a Uniform
                                      Reciprocal Enforcement of
Dear Mr. Nugent:                      Support action.

          You have requested an opinion providing additional
explanation of the holding in response to Question #1,
Attorney General's Opinion C-634 (1966), relating to the
enforcement of an order by a respondent court through con-
tempt proceedings entered against a defendant under a Uniform
Reciprocal Enforcement of Support action.

          Your request reads, in part, as follows:

          "Please refer to the Attorney General's
          Opinion #C-634 with regard to some
          questions I asked about the Texas Uniform
          Reciprocal Enforcement of Support Act.  I
          thought I made my question clear but will
          attempt to rephrase it so you will under-
          stand exactly what I am asking.  First of
          all, let me assure you that I do know that
          the Act gives the Court the power 'to subject
          the defendant to such terms and conditions as
          the Court may deem proper to assure compliance
          with its orders. . .'

          "My question again is exactly what procedure
          do I use or does the Court use to get the
          man back into the courthouse for enforcement
          of its previous order?

"Hypothetically assume, if you will, that the complaining ex-wife and children live in Louisiana. She files her complaint under the Act in Louisiana. It is sent to our District Clerk here in Winkler County. It is placed on the Court's docket, the respondent or defendant husband is ordered to appear and show cause why he should not pay child support or why he should not be held in contempt. He appears and the Court enters its order requiring him to pay, say, $25.00 per week through the District Clerk's office in Winkler County. He pays $25.00 for the first two or three weeks and again discontinues payment. We receive a letter from the proper authorities in Louisiana informing us that he has discontinued payments again and orders us to proceed further. Now, at this point, my questions are these:

"1. Is another complaint required to get this man back into the courthouse?

"2. If so, what is the form of that complaint and who signs that complaint?

"If it is necessary for the complaining wife to file the complaint, must it be filed in Louisiana and come through our Clerk's office again; or may she sign a complaint in Louisiana in the form of an affidavit, send it directly to our Clerk who files it and acts on it, or may I personally file an affidavit in the form of a complaint against him and then, assuming that said complaint is finally filed, must we give him additional notice to show cause?

"You can see that I am concerned about simply the mechanics of how to enforce the Judge's order in one of these cases and also I am concerned about having to give him notice of the second hearing because in all likelihood, he will simply disappear before he will appear.

"I certainly appreciate your prior opinion No.

C-634, but it did not tell me exactly what
I wanted to know. Thank you for your atten-
tion. . ."

That portion of your request for Opinion No. C-634
(1966) here pertinent reads as follows:

"I. Very often this office is called on by
another State to enforce the payment of child
support by our resident to the resident of
another state. This matter is set for hearing
and our District Judge orders that the indivi-
dual pay a certain amount through the registry
of the Court. The individual will then pay for
a while then cease paying. We will normally
receive a letter from the demanding State asking
us to take further action to enforce payment.

"1. My question is what specifically can we
do to cause our resident to comply with our
Court order?

"2. May we orginate some sort of complaint
based on contempt of Court or must the com-
plaining State file a new complaint under the re-
ciprocal support act?"

These questions, as we then understood them, were
consolidated and restated in our Opinion No. C-634 (1966)
as follows:

"In the event that a local resident
defaults on the support payments which he
has been ordered by a local Texas court
to make in response to a petition present-
ed to the court, by an initiating state,
for enforcement of a support order under
Article 2328b-4, whether the Texas court
may punish the defaulting defendant by
contempt proceedings, without a new com-
plaint being filed by the initiating state."

The answer given to the question as we stated it is
as follows; Section 25, Article 2328b-4 provides in part:

". . . (T)he court of this State when

acting as responding state has the power to subject the defendant to such terms and conditions as the court may deem proper to assure compliance with its orders and in particular:

"'. . .

"'(c) To punish the defendant who shall violate any order of the court to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court. (Emphasis supplied)

"The above quoted portion of Article 2328b-4 reveals that the Legislature did not contemplate that a second petition from the initiating state would be necessary in order for the Texas court to enforce its order by contempt proceedings."

Both our restatement of your original questions and our answer to the questions as combined and restated assume the power in the court in a child support case to enforce its orders through contempt proceedings without a formal complaint being filed. Ex Parte Winfree, 153 Tex. 12, 263 S.W.2d 154 (1953).

Confusion may arise through the fact that there is a conflict between the Texas Supreme Court and the Texas Court of Criminal Appeals and the answer to the question as to what is necessary to initiate contempt proceedings thus varies within the State depending upon whether the contempt order entered is in a civil or criminal suit. In 20 Tex.Bar Jour. 74 (1957) it is stated:

"Although Winfree is now authority for the proposition that verification of the complaint is not essential, the rule is inapplicable to cases arising on the criminal side of the docket. There the complaint must be verified. Ex Parte Sturrock, 80 Tex.Crim.Rep. 307, 189 S.W. 487 (1916). . ."

The Supreme Court in <u>Ex Parte Winfree</u>, supra, stated:

". . . The thesis that verification is
essential includes, of course, the pro-
position that there must be a complaint
to verify. Ex parte White, supra. The
latter decision, as well as those in the
Duncan and Landry cases, stand for the fur-
ther point of present interest, that a
show cause order or rule nisi followed by
due service and proper hearing, while
obviously sufficient to apprise the con-
tempt defendant of the charge against
him and afford him an opportunity to
present his defense, is yet no substi-
tute for an affidavit of accusation. . .

". . .

". . . <u>While evidently a substantial number</u>
<u>of courts of other jurisdictions consider</u>
<u>the rule nisi or show cause procedure no</u>
<u>substitute for a formal complaint, several</u>
<u>take the view we now take that it is.</u>
Baumgartner v. Joughin, 107 Fla. 858, 143
So. 436; Hunter v. State, 251 Ala. 11, 37
So.2d 276; In re Fletcher, 71 App.D.C. 108,
107 F.2d 666. In the Baumgartner case (107
Fla. 858, 143 So. 437), it was said:

"'The gist of the offense was stated in
the rule nisi, which operates as the
charge. How the circuit judge arrived
at the basis of this charge, whether by
testimony taken in chambers, personal
view, or hearsay report, is utterly im-
material to the validity of a subsequent
commitment for contempt which the record
shows was duly heard and determined against
contemnor after a "full" hearing, with
opportunity to him to defend.'"

The Texas Supreme Court views the requirements for
a valid contempt confinement in a child support case in
the light of due process--

"It is our view that the question before us is to be resolved not on a concept of jurisdiction judicially borrowed from the detailed requirements of our written law for criminal prosecutions, but on the broader ground of due process.  In Ex parte Ratliff, 117 Tex. 325, 3 S.W.2d 406, 57 A.L.R. 541 (in which notice of a hearing of a motion to dissolve a restraining order directed against Ratliff was held not to be notice adequate to sustain a contempt judgment against him for violation of the order) Justice Greenwood, though citing some of the above-mentioned decisions of the Court of Criminal Appeals, spoke altogether in terms of due process based on proper notice and hearing of the contempt charge.  That no complaint had been filed was evidently considered important only for its bearing on the broader matter of notice.

"Prior to Ex parte White we had evidently decided that due process did not require a complaint in cases where the court itself should in effect make the charge by issuing a show cause order, give notice by timely service of the latter and in due course afford a proper hearing.  Rule 308A, Tex.R.Civ.Proc., reaffirmed in Ex parte Nix, 149 Tex. 267, 231 S.W.2d 411, certiorari denied, 340 U.S. 840, 71 S.Ct. 28, 95 L.Ed. 616, expressly provides for such a procedure in cases of contempt for failure to comply with child support orders, and our action in adopting this provision of the rule is clearly inconsistent with a contrary view of due process. . ."  Ex Parte Winfree, 263 S.W.2d 154, Page 157.

Your question No. 1 is answered in the negative.

Your other question is predicated upon an affirmative answer to your first question.

S U M M A R Y

Section 25, Article 2328b-4, authorizes
a court acting as respondent court under
Article 2328b-4 to punish contempts as in
other child support cases.  Ex Parte Win-
free, 153 Tex. 12, 263 S.W.2d 154 (1953),
authorizes the court to acquire jurisdic-
tion in contempt proceedings in child
support cases on the basis of a rule nisi
or show cause order, without an additional
complaint.

Yours very truly,

WAGGONER CARR
Attorney General

By
Larry J. Craddock
Assistant Attorney General

LJC:cf

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Sam Kelley
Charles Swanner
John Reeves
Charles Bardwell

APPROVED FOR THE ATTORNEY GENERAL

BY:  T. B. Wright